IN THE UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON[NORTHERN] DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR -5 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

CHARLES TORNS, JR.,                                                    PLAINTIFF

v.        CIVIL RIGHTS COUSE OF ACTION NO. __3:16 CV 244 HTW-LRA__

TONY YARBER, In his Official and Personal Cpaacities, As Mayor For
The City Of Jackson, Mississippi,;D. HAYES, Investigator For The
City Of Jackson, Mississippi Police Department; LEE VANCE, In His
Official and Personal Capacities, and As Chief Of The City Of
Jackson, Mississippi Department[JPD]; MONICA JOINER, In Her Official
and Personal Capacities, and City Attorney For Jackson, Mississipi;
MARTIN D. PERKINS, Hinds County Assistant Justice Court Prosecutor;
and in his Official and Personal capacities; CITY OF JACKSON,
MISSISSIPPI, CITY COUNCIL BOARD MEMBERS, In their official and
Personal Capacities; And Other John and Jane Does, Liability And
Insurers for each defendant
                                                                       DEFENDANTS

---

## COMPLAINT[S]

---

**Comes Now**, Charles Torns, Jr., proceeding as pro-se, and his being assisted, files and submits the Honorable Courts, this his civil rights actions, against the above named defendants, pursuant to 42 U.S.C. § 1983, § 1985, § 1988, The Civil Rights Act of 1964, the constitutions, laws and treaties of the United States, and not limited to the constitutions and laws of the State of Mississippi, and seeking Declaratory, Injunctive, Monetary reliefs and jury demands;

### JURISDICTION

1. That this Honorable Court, has exculsive jurisdiction, over the parties, the pendent State Law claims and subject matters jurisdiction pursuant to 28 U.S.C. § 1331, § 1343, § 1367, and that The Southern District Court, and judges is an appropriate venue, pursuant to 28 U.S.C. § 1391(1)(2), and not limited to the above named

party defendants.  See P-1.

I.

**PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF A LEGAL COUNSEL AND/OR THE PERMISSION TO ACT AS CO-COUNSEL**

**Comes Now,** the plaintiff and respectfully submits the Honorable Courts, that the plaintiff did on or about August 14, 2015, and under States laws, pursuant to Miss. Code Ann. §§ 11-46-11(1), et. seq, via The United States Postal Service' Certified Mail, had forwarded and submitted his Notices of Claims to the above named party defendants, but the defendants has failed, and has nt reponded to the plaintiff's notice, what-so-ever, should they desired and was required to do in 90 days.  Furthermore, but in support of this request for the appointment of a legal counsel and/or the permission to act as a co-counsel, therefore, that the plaintiff declares, but believe that as a matter of law, he is indigent, with an educational grade level of 12, that due to his having, double heart-attacks in 2002, two strokes in 2011, has left him partially paralyzed down the entire right side of his body, left him partially blind, and/or with degenerate and/or loss of vision in both his eyes, therefore, that the plaintiff can not see well enough to read normal texts, and is incapable of typing and/or writing his legal court papers and pleadings, in which the litigating of this suit would require, but having being diagnosed by reliable medical physicians, of having the medically terminable illness[es] cardia-vascular-pulmonary, and uncontrollable hypertension diseases, but to which diseases and the handicapped conditions in which the plaintiff suffers with, the plaintiff requests the District Courts to appoint him a legal and/or permit him to act as a co-counsel, to assist him with the drafting

the plaintiff's complaints, and claims against these defendants, but with sufficient enough allegations as would and will comport to the maintaining his civil action herein this Honorable District Court. See Id. Moreover, and more and more importantly, the plaintiff asserts, that due to these medically terminable illness that he now suffers from, that the plaintiff becomes tired, exhausted extremely easy, therefore, incapable of going to visit the public libraries, as would require him to perform the tasks as would and will require of the plaintiff with initiating his civil rights complaint and claims in this case, but merely can not attend to his own case. Thus, it can not be said that the plaintiff's claims are frivolous, but that the appointment of a counsel would not assist the plaintiff, would not benefit this Court, or the defendants, but at the very least produce a just determination. See Id.

### CERTIFICATE OF SERVICE

That this is to certify that I, Charles Torns, Jr., the plaintiff pro se, have on this day and date below via U.S.P.S. with postage prepaid mailed a true and correct copy of the plaintiff's Complaint[s], pursuant to 42 U.S.C. § 1983, and Request For the Appointment of a Legal Counsel and/or permission to act a co-counsel, to the follow persons, Honorable Tony Yarber and City Counsel Board Members, 219 S. President Street, Jackson, Mississippi 39201.

THIS THE 10th day of NOVEMBER, 2015.

Respectfully Submitted,

/s/ Charles Torns, Jr.,
Plaintiff pro se,
4953 Oak Creek Drive
Jackson, Mississippi 39212

/3/

IN THE OFFICE OF THE MAYOR FOR THE    P-1
CITY OF JACKSON, MISSISSIPPI
AND CITY COUNCIL BOARD MEMBERS

## NOTICE OF CLAIMS

**Comes Now**, Charles Torns, Jr., the complainant/plaintiff and file this his notice of claims, in substantial compliances to the State of Mississippi Laws, its Constitutions and The United States' Constitutions.

1. That on or about August 26, 2014, Officer Hayes a Detective, Officer for The City of Jackson, Mississippi Police Departments, after his visiting the complainant's legal mailing address and resident at 254 Manshipship Street, Jackson, MS 39202, but asking the residents there to speak with complainant who was not at the home at the time, officer Hayes left the information and message that he wanted to speak with the plaintiff, whereas, when the plaintiff received this information, he forthwith called officer Hayes, and in a discourse, detective Hayes apprised the complainant that he desired for the complainant to come down to The Jackson Mississippi Police Departments, in which complainant responded as to why? and inquired to Hayes, if he would be arrested and locked-up, and to which response, detective Hayes replied, no you will not be arrested or lockedup. Complainant elicited one of his sons to drive him down to The JPD, whereas, before, a discussion the plaintiff requested for the Jackson Police Departments, Chief to be present, thus, now with JPD's Chief of police present, a discussion ensued with Chief of the JPD' Chief Lee Vance questing the plaintiff, whether had the plaintiff been calling The City of Jackson' City Attorney's Office, making and threatening the City Attorney, Monica Joiner, Torns answered that he was only calling that City Attorney's Office, in a genuine divine effort to settle a pending law suit Torns and one of his sons had pending in which occurred during the tenure of Mayor Harvey Johnson, Jr's Administration in USDC NO 3:13cv45. Consequently, on or about August 25, 2014, by The JPD' and officer

/1/

56                                                                    1-

and at the behest of Mrs Monica Joiner, but based upon Joiner's sworn declarations embodied in an affidavit but without probable cause, handcuffed, arrested but charged the plaintiff with the crimes of making annoying telephone calls and simple assault, in which charges was tried in The Hinds County Justice Court, whereas, the Court acquited/dismissed the annoying telephone calls, but found the plaintiff guilty of the simple assault charge, to guilty findings pends in The Hinds County Circuit Court on an Appeal. Therefore, the plaintiff complains, maintains but contends, that he was arrested without a probable cause, was falsely imprisoned and maliciously prosecuted, but these defendants enjoy absolutely no immunity.  See Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), Monell v. Dep't of Social Svcs, 436 U.S. 658, 691, S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Therefore, the complainant now requests the sum of Twenty-Five Thousand Dollars, for the injuries, pains and suffering these defendants caused him and damages.

## CERTIFICATE OF SERVICE

This is to certify that I, Charles Torns, Jr., via United States Postage Services and certified mail has forwarded a true and correct copy of this notice of claims to the Honorable Tony Yarber, and the City of Jackson Mississippi City Council Board Members. 218 S. President Street, Jackson, Mississippi 39201

**sworn to and executed,** this the ____14TH____ day of **AUGUST, 2015.**

Respectfully Submitted

*Charles Torns*

/s/  Charles Torns, Jr.,
4953 Oak Creek Drive
Jackson, MS 39212